664 So.2d 983 (1995)
STATE of Florida, Appellant,
v.
Janice McLEOD, Appellee.
No. 93-0534.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
*984 Robert A. Butterworth, Attorney General, Tallahassee, and Melvina Racey Flaherty, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Rosenbaum of the Law Offices of Richard L. Rosenbaum, and Michael J. Entin of the Law Offices of Michael J. Entin, Fort Lauderdale, for appellee.
FARMER, Judge.
In his written order granting defendant's motion to suppress evidence, the trial judge found that defendant consented to the search of her auto and that her consent was not coerced. He then explained his decision as follows:
"This Court concludes however, that the search actually conducted in this matter exceeds the scope of the consent given. `When the police are relying upon consent to conduct a warrantless search, they have no more authority than that reasonably conferred by the terms of the consent.' State v. Wells, 539 So.2d 464, 467 (Fla. 1989).
"In the present case, the consent given by McLeod could reasonably be construed to allow the officers to search the interior of her vehicle. Subsequent to consent being given, the officers utilized a narcotics detection dog to search the vehicle and its contents.
"The Court finds that the officers exceeded the scope of the Defendant's consent by utilizing the narcotics dog to search the vehicle without her expressed permission. The court further finds that there was no specific request for consent to use the drug detection dog, and that no circumstances existed from which consent to the use of the drug detection dog could reasonably be implied." [e.s.]
The italicized part of the quotation from the order on review shows that it was a factual finding that the judge made on the scope of consent, not a categorical or legal one. Because there is substantial competent evidence to support his findings, we are required to accept them.[1]
The factual finding of no consent should not be confused with an erroneous legal conclusion that the Constitution precludes the use of police dogs sniffing around automobiles looking for illegal drugs. See United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (exposure of traveler's luggage, which was located in a public place, to a trained narcotics detection dog for sniffing purposes did not constitute "search" for Fourth Amendment purposes). That is to say, in this case the police chose not to do a unilateral "sniff walk-around" the stopped vehicle. Instead they, themselves, elected to seek the consent of the defendant for their search of her vehicle.
*985 Judge Kaplan, then, decided this case on the consent issue and not on the entirely separate theory, "a sniff is not a seizure," now being argued.[2] Applying the "fundamental thing" that we review cases on the way they were decided below, we do not believe that we are free to treat this case as a canine-sniff, non-seizure case. The police chose the avenue of consent to travel on, and once down that highway we cannot place them on the "correct" one.
The state apparently believes that, because there was a barking dog in one of the police cars at the scene, defendant impliedly consented to search with the dog, as to the presence of which she had actual or constructive knowledge. The stated facts, however, imply that the judge accepted her testimony that she did not see any dog after she was stopped by the officer and did not know that one was present when she consented to the search.
In this case, however, it was the passenger and not defendant who testified that he heard the dog barking at the scene of the stop. There was also evidence that defendant had earlier seen a dog in a police car when she passed it on the highway. Recognizing, however, that the evidence regarding the barking dog,[3] and the earlier glimpse was before the judge,[4] it is plain to us that the trial judge's resolution of the facts was that defendant's actual consent did not encompass the use of the dog and that nothing in the surrounding circumstances implies that it did.
We also note that in Dominguez v. State, 616 So.2d 506 (Fla. 3d DCA), rev. denied, 624 So.2d 268 (Fla. 1993), the search concerned a person's house, rather than an automobile, and that the law recognizes a greater expectation of privacy in a house than an automobile. The Dominguez court pointedly stated that no dog was present when the consent was given, thereby implying that as a matter of law the consent given did not authorize the use of a dog.
AFFIRMED.
GUNTHER, C.J., and WARNER, J., concur.
NOTES
[1] Hence, if on these same facts the trial judge had found that defendant consented to a search by the dog, we would also agree to affirm without any hesitation.
[2] The refrain argued by the state in this court is (with profound apologies to Dooley Wilson):
 "You must remember this,
 a sniff is just a sniff,
 a search is just a search,
 the fundamental things apply...."

[3] We do not understand how the passenger's knowledge has any relevance on the factual inquiry as to the scope of driver's consent.
[4] The trial judge obviously placed little weight on that testimony. The judge's resolution in favor of defendant actually requires that any inference drawn from these facts go in the defendant's favor, not the state's.